IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEAN WATER ACTION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> E. SCOTT PRUITT, *Administrator, U.S. Environmental Protection Agency, et al.*, <br><br> Defendants. | Civil Action No. 17-cv-00817 (KBJ) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Clean Water Action, Environmental Integrity Project, Sierra Club, Waterkeeper Alliance, Inc., PennEnvironment, Inc., Chesapeake Climate Action Network, Physicians for Social Responsibility, Chesapeake, Inc., and Prairie Rivers Network (collectively "Plaintiffs") respectfully submit this notice to inform the Court of a decision issued yesterday in *Xavier Becerra, et al. v. United States Department of Interior, et al.*, Case No. 17-cv-02376-EDL (N.D. Cal. Aug. 30, 2017), which includes a number of holdings that are pertinent to and may assist the Court in its decision of this matter. A copy of the decision in *Xavier Becerra* (the "Decision") is attached hereto.

In *Xavier Becerra*, the court held that the Department of Interior's Office of Natural Resources Revenue ("ONRR") exceeded its authority under the Administrative Procedure Act ("APA"), 5 U.S.C. § 705, in issuing a postponement of the compliance date of the Federal Oil & Gas and Federal & Indian Coal Valuation rule, 81 Fed. Reg. 43,338 (July 1, 2016). The court

made the following additional holdings and findings that are pertinent and significant to the motions for summary judgment that are pending before this Court:

- the court held that ONRR was not entitled to deference on its interpretation of 5 U.S.C. § 705 under *Chevron U.S.A., Inc. v. Nat. Res. Def. Council*, 467 U.S. 837, 842 (1984) or *United States v. Mead*, 533 U.S. 218, 226-27 (2001) (*see* Decision at 12);

- the court held that Section 705's provision that an agency "may postpone the effective date of an action taken by it" cannot be construed to include compliance dates after the effective date of an action has already passed (*see* Decision at 12-14);

- the court found that ONRR "improperly invoked section 705 to suspend the effective date of the Rule pending its ultimate repeal rather than pending judicial review as required by section 705," while at the same time ONRR had "blocked judicial review by obtaining a stay" of separate, pending litigation over the merits of the rule (*see* Decision at 14);

- the court found that "Defendants' policy argument that the Court should construe section 705 to include 'compliance dates' because section 705 is meant to allow an agency to maintain the status quo pending judicial review is unpersuasive . . . [and] undercuts regulatory predictability and consistency" (*see* Decision at 14-15);

- the court found that "Defendants' argument that construing the effective date literally and not also as the 'compliance date' can in some circumstances unduly shorten the agency's opportunity to postpone a rule's impact when faced with litigation is unpersuasive in light of the additional provision of section 705, which allows the agency to seek broad relief from the reviewing court" (*see* Decision at 15);

- the court found that 5 U.S.C. § 705's lack of a cross-reference to 5 U.S.C. § 553(d) had no bearing on the plain meaning of "effective date" under § 705 (*see* Decision at 16); and

- the court held that ONRR violated the APA by issuing a stay of an already-effective rule without prior notice and comment, and that ONRR's promulgation of a similar, subsequent rule after notice and comment "does not cure the failure to give the public an opportunity to weigh in with comments beforehand as required by the APA" (*see* Decision at 16-17).

Plaintiffs respectfully request that the Court consider the decision in *Xavier Becerra*, which was decided after Plaintiffs filed their consolidated reply in support of their motion for summary judgment and opposition to Defendants' and Defendant-Intervenors' motions for summary judgment, as supplemental authority in support of Plaintiffs' arguments.

Respectfully submitted this 31st day of August 2017,

*/s/ Jennifer C. Chavez*
Jennifer C. Chavez (D.C. Bar No. 493421)
Earthjustice
1625 Massachusetts Avenue NW, Suite 702
Washington, D.C. 20036
T: (202) 667-4500
E: jchavez@earthjustice.org

*/s/ Thomas J. Cmar*
Thomas J. Cmar (Illinois Bar No. 6298307) (*pro hac vice*)
Earthjustice
1101 Lake Street, Suite 405B
Oak Park, IL 60301
T: (312) 257-9338
E: tcmar@earthjustice.org

*/s/ Matthew Gerhart*
Matthew Gerhart (Washington Bar No. 42787) (*pro hac vice*)
3639 N Clayton Street
Denver, CO 80205
T: (510) 847-7721
E: megerhart@gmail.com

*Counsel for Plaintiffs Clean Water Action, Sierra Club, and Waterkeeper Alliance, Inc.*

<u>/s/ Casey Austin Roberts</u>
Casey Austin Roberts (California Bar. No. 253474) (*pro hac vice*)
Sierra Club
Environmental Law Program
1536 Wynkoop Street, Suite 200
Denver, CO 80202
T: (303) 454-3355
E: casey.roberts@sierraclub.org

<u>/s/ Joshua Smith</u>
Joshua Smith (Florida Bar No. 0096844) (*pro hac vice*)
Sierra Club
Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
T: (415) 977-5560
E: joshua.smith@sierraclub.org

*Counsel for Plaintiff Sierra Club*

<u>/s/ Abel Russ</u>
Abel Russ (D.C. Bar No. 1007020)
Environmental Integrity Project
1000 Vermont Avenue NW, Suite 1100
Washington, DC 20005
T: (802) 482-5379
E: aruss@environmentalintegrity.org

<u>/s/ Lisa Widawsky Hallowell</u>
Lisa Widawsky Hallowell (Pennsylvania Bar No. 207983) (*pro hac vice*)
Environmental Integrity Project
509 Vine Street, Apt. 2A
Philadelphia, PA 19106
T: (202) 294-3282
E: lhallowell@environmentalintegrity.org

*Counsel for Plaintiffs Environmental Integrity Project, PennEnvironment, Inc., Chesapeake Climate Action Network, Physicians for Social Responsibility, Chesapeake, Inc., and Prairie Rivers Network*