IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEAN WATER ACTION, ENVIRONMENTAL INTEGRITY PROJECT, SIERRA CLUB, WATERKEEPER ALLIANCE, INC., PENNENVIRONMENT, INC., CHESAPEAKE CLIMATE ACTION NETWORK, PHYSICIANS FOR SOCIAL RESPONSIBILITY, CHESAPEAKE, INC., and PRAIRIE RIVERS NETWORK,<br><br>      Plaintiffs,<br><br>v.<br><br>E. SCOTT PRUITT, ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY, in his official capacity, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>      Defendants,<br><br>      and<br><br>UTILITY WATER ACT GROUP,<br><br>      Intervenor-Defendant. | Civil Action No. 1:17-cv-0817-KBJ |

**UWAG'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendant, the Utility Water Act Group ("UWAG"), submits this response to the Notice of Supplemental Authority filed by Plaintiffs (ECF No. 55). Plaintiffs cited and attached a copy of a decision from the United States District Court for the District of Northern California in *Xavier Becerra, et al. v. United States Department of Interior, et al.*, Case No. 17-cv-02376-EDL (N.D. Cal. Aug. 30, 2017). *Becerra* is, of course, not binding on this court. Nonetheless, UWAG is filing this response because, while Plaintiffs recite a number of holdings

from that case that Plaintiffs find favorable, Plaintiffs omitted three holdings that are pertinent in the case before this Court, one of which would be dispositive.

First, *Becerra* found that, when an agency stays a rule under Section 705 of the Administrative Procedure Act after the rule's effective date, the agency has effectively repealed the rule. *Becerra* at 17. If this Court accepts the reasoning of *Becerra*, this case must be dismissed for lack of jurisdiction because only a United States Court of Appeals has jurisdiction to review a repeal of an effluent limitations guideline. *See* UWAG Consol. Oppos. at 12-13 (ECF No. 36).

Second, *Becerra* declined to vacate the stay under Section 705 because the underlying rule was only days away from full repeal after a notice-and-comment rulemaking. *Becerra* at 18. In the case before this Court, EPA has conducted a separate notice-and-comment rulemaking regarding a stay of the Effluent Limitations Guidelines Rule ("ELG Rule"). *See* EPA Consol. Oppos. at 10 (ECF No. 36). The pending rule is currently before the Office of Management and Budget, suggesting that its issuance is imminent.

Third, *Becerra* was addressing compliance deadlines, whereas this case involves the ELG Rule's future applicability dates. While "compliance deadlines" and "applicability dates" are often used interchangeably, there is a meaningful difference between the two concepts that impacts the persuasiveness of the *Becerra* opinion.

Date:  September 1, 2017

Respectfully submitted,

/s/ Harry M. Johnson, III

Kristy A. N. Bulleit  (DC Bar No. 398747)
Hunton & Williams LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC  20037-1701
(202) 955-1547
kbulleit@hunton.com

Harry M. Johnson, III  (Bar No. IL0002)
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 E Byrd Street
Richmond, VA 23219-4074
(804) 788-8784
pjohnson@hunton.com

Counsel to Intervenor-Defendant
Utility Water Act Group

3