## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEAN WATER ACTION, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> E. SCOTT PRUITT, *Administrator, U.S. Environmental Protection Agency, et al*., <br><br> Defendants. | Civil Action No. 17-cv-00817 (KBJ) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Clean Water Action, Environmental Integrity Project, Sierra Club, Waterkeeper Alliance, Inc., PennEnvironment, Inc., Chesapeake Climate Action Network, Physicians for Social Responsibility, Chesapeake, Inc., and Prairie Rivers Network (collectively "Plaintiffs") respectfully submit this notice to inform the Court of a decision issued yesterday in *California v. United States Bureau of Land Management*, Case No. 17-cv-03804-EDL (N.D. Cal. Oct. 4, 2017), in which the court addressed many of the same legal issues raised in this case. A copy of the decision is attached hereto.

In *California v. United States Bureau of Land Management*, the plaintiffs challenged the Bureau of Land Management's ("Bureau" or "Agency") use of 5 U.S.C. § 705 to postpone the compliance deadlines in the Waste Prevention, Production Subject to Royalties, and Resource Conservation Rule (the "Rule"). Slip. Op. at 1. The Bureau had issued the Rule in November 2016 and the Rule went into effect in January 2017. *Id.* at 2-3. In June 2017, without providing prior notice or an opportunity for public comment, the Bureau invoked 5 U.S.C. § 705 to

postpone the compliance dates in the Rule. *Id.* at 3-4. The Bureau then proposed two separate

rulemakings, to suspend the compliance dates and to revise the underlying rule. *Id.* at 4.

The court held that the Rule violated the Administrative Procedure Act ("APA") in

several ways. Each of the court's holdings concerns identical claims brought by Plaintiffs in this

case in their pending motion for summary judgment, as explained below:

- the court held that the Bureau was not entitled to deference in its interpretation of 5

  U.S.C. § 705 because Congress did not delegate to the Bureau authority to administer the

  APA, Slip Op. at 11-12 (citing *Chevron U.S.A., Inc. v. Nat. Res. Def. Council*, 467 U.S.

  837, 842 (1984) and *United States v. Mead*, 533 U.S. 218, 226-27 (2001));

- the court held that Section 705 authorizes only a postponement of an effective date which

  has not yet passed, and therefore the Bureau had no authority under Section 705 to

  postpone compliance dates after the Rule had gone into effect, Slip Op. at 12-16;

- the court held that the Bureau violated the APA by not providing notice and an

  opportunity to comment prior to issuing the Rule under 5 U.S.C. § 705, Slip Op. at 16-17;

- the court held that "Defendants have merely paid 'lip service' to the pending judicial

  review in the District of Wyoming." Slip Op. at 17 (quoting *Sierra Club v. Jackson*, 833

  F. Supp. 2d 11, 34 (D.D.C. 2012)). In support of this finding, the court pointed to the

  Bureau's statement that "the Rule had been properly promulgated" and the Bureau's

  failure to give any specifics about which portions of the Rule it believed may be invalid,

  *id.* at 18;

- the court held that "[w]hile there is no prohibition against having more than one

  justification for invoking Section 705, provided that one of them meets the statutory

  requirements, Defendants must be able to show that they properly invoked the statutorily

required ground of 'pending judicial review.' Defendants have not done so here." Slip

Op. at 18;

- the court held that the "justice so requires" standard in 5 U.S.C. § 705 required the

Bureau to consider the foregone benefits of the Rule for which the Bureau postponed the

compliance dates, Slip Op. at 17-18.  The court found that:

If the words 'justice so requires' are to mean anything, they must satisfy the
fundamental understanding of justice: that it requires an impartial look at the
balance struck between the two sides of the scale, as the iconic statue of the
blindfolded goddess of justice holding the scales aloft depicts. Merely to look at
only one side of the scales, whether solely the costs or solely the benefits, flunks
this basic requirement. . . . Without considering both the costs and the benefits of
postponement of the compliance dates, the Bureau's decision failed to take this
'important aspect' of the problem into account and was therefore arbitrary.

*Id.* at 19 (citation omitted).

- the court found it unnecessary to resolve whether 5 U.S.C. § 705 required the Bureau to

use the four-factor preliminary injunction test, because the court found that the Rule

violated the APA for other reasons, Slip Op. at 22;

- the court found that the proper remedy was to vacate the Rule, Slip Op. at 25.

Plaintiffs respectfully request that the Court consider the decision in *California v. United*

*States Bureau of Land Management*, which was decided after Plaintiffs filed their consolidated

reply in support of their motion for summary judgment and opposition to Defendants' and

Defendant-Intervenors' motions for summary judgment, as a supplemental authority in support

of Plaintiffs' arguments.

Respectfully submitted this 5th day of October, 2017,

*/s/ Jennifer C. Chavez*

3

Jennifer C. Chavez (D.C. Bar No. 493421)
Earthjustice
1625 Massachusetts Avenue NW, Suite 702
Washington, D.C. 20036
T: (202) 667-4500
E: jchavez@earthjustice.org

*/s/ Thomas J. Cmar*
Thomas J. Cmar (Illinois Bar No. 6298307) (*pro hac vice*)
Earthjustice
1101 Lake Street, Suite 405B
Oak Park, IL 60301
T: (312) 257-9338
E: tcmar@earthjustice.org

*/s/ Matthew Gerhart*
Matthew Gerhart (Washington Bar No. 42787) (*pro hac vice*)
3639 N Clayton Street
Denver, CO 80205
T: (510) 847-7721
E: megerhart@gmail.com

*Counsel for Plaintiffs Clean Water Action, Sierra Club,
and Waterkeeper Alliance, Inc.*

*/s/ Casey Austin Roberts*
Casey Austin Roberts (California Bar. No. 253474) (*pro hac vice*)
Sierra Club
Environmental Law Program
1536 Wynkoop Street, Suite 200
Denver, CO 80202
T: (303) 454-3355
E: casey.roberts@sierraclub.org

*/s/ Joshua Smith*
Joshua Smith (Florida Bar No. 0096844) (*pro hac vice*)
Sierra Club
Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
T: (415) 977-5560
E: joshua.smith@sierraclub.org

*Counsel for Plaintiff Sierra Club*

4

*/s/ Abel Russ*
Abel Russ (D.C. Bar No. 1007020)
Environmental Integrity Project
1000 Vermont Avenue NW, Suite 1100
Washington, DC 20005
T: (802) 482-5379
E: aruss@environmentalintegrity.org

*/s/ Lisa Widawsky Hallowell*
Lisa Widawsky Hallowell (Pennsylvania Bar No. 207983) (*pro hac vice*)
Environmental Integrity Project
509 Vine Street, Apt. 2A
Philadelphia, PA 19106
T: (202) 294-3282
E: lhallowell@environmentalintegrity.org

*Counsel for Plaintiffs Environmental Integrity Project, PennEnvironment, Inc., Chesapeake Climate Action Network, Physicians for Social Responsibility, Chesapeake, Inc., and Prairie Rivers Network*