IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEAN WATER ACTION, *et al.*,<br><br>           Plaintiffs,<br><br>     v.<br><br>E. SCOTT PRUITT, *Administrator, U.S. Environmental Protection Agency, et al.*,<br><br>           Defendants. | Civil Action No. 17-cv-00817 (DLF) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Clean Water Action, Environmental Integrity Project, Sierra Club, Waterkeeper Alliance, Inc., PennEnvironment, Inc., Chesapeake Climate Action Network, Physicians for Social Responsibility, Chesapeake, Inc., and Prairie Rivers Network (collectively "Plaintiffs") respectfully submit this notice to inform the Court of the attached decision issued this week by the United States Supreme Court in *National Association of Manufacturers v. Department of Defense* (*NAM*), No. 16-299, 2018 WL 491526, 583 U.S. ____ (2018) (Jan. 22, 2018). In *NAM*, the Supreme Court held that the Clean Water Act, 33 U.S.C. § 1369(b)(1), does not provide for original appellate court jurisdiction over challenges to the Waters of the United States or "WOTUS" Rule at issue in that case, and that "any challenges to the Rule therefore must be filed in federal district courts."  Slip. Op. at 2.

In so holding, the Supreme Court's decision included the following conclusions of law, which are relevant to the jurisdictional issues in the pending motions in this case:

- The Supreme Court found that an EPA action must "impose[]" a "restriction" on the discharge of pollutants in order for legal challenges to the action to be subject to original appellate court jurisdiction under 33 U.S.C. § 1369(b)(1)(E). Slip Op. at 10. This provision applies to challenges to an EPA action "approving or promulgating any effluent limitation or other limitation," and the Clean Water Act defines "effluent limitation" as "'any restriction . . . on quantities, rates, and concentrations' of certain pollutants 'which are discharged from point sources . . . into navigable waters.'" *Id.* at 9-10 (quoting 33 U.S.C. §§ 1362, 1369(b)(1)(E)). Although the Act provides no express definition of "other limitation," the Court found that

    > subparagraph (E) suggests that an "other limitation" must be similar in kind to an "effluent limitation": that is, a limitation related to the discharge of pollutants. An "other limitation," for instance, could be a non-numerical operational practice or an equipment specification that, like an "effluent limitation," restricts the discharge of pollutants, even though such a limitation would not fall within the precise statutory definition of "effluent limitation."

    *Id.* at 10. With respect to the jurisdictional issues pending in this case, Plaintiffs have similarly argued that the EPA actions challenged here – EPA's April 2017 stay of compliance deadlines for effluent limitations established in November 2015, and EPA's subsequent rule delaying some of the same deadlines by two years – do not impose any new restrictions on discharges of pollutants, and therefore that 33 U.S.C. § 1369(b)(1)(E) does not apply to this case. Pls. Reply in Support of Mot. for SJ at 4-7, ECF Doc. 54; Pls. Mem. in Support of Mot. to Amend Compl. at 4-5, ECF Doc. 63; Pls. Reply in Support of Mot. to Amend Compl. at 2-7, ECF Doc. 71.

- The Supreme Court rejected the Government's proposed "functional interpretive approach" to broadening the scope of original appellate court jurisdiction under 33 U.S.C. § 1369(b)(1)(F) beyond the plain text of that provision. Slip Op. at 15-17. In so

2

doing, the Supreme Court distinguished *Crown Simpson Pulp Co. v. Costle*, 445 U.S. 193 (1980) by limiting its holding to the facts of that case, where the Supreme Court had held that both EPA vetoes of state-issued permits and EPA denials of permits that it issues itself are actions to "deny[]" a permit that are subject to original appellate court jurisdiction under Section 1369(b)(1)(F). *Id.* at 16.  In the case before this Court, Plaintiffs have similarly argued that *Crown Simpson* does not require the Court to broaden the scope of 33 U.S.C. § 1369(b)(1)(E) to find that original appellate court jurisdiction is required over the actions challenged here, which do not fit within the plain text of that provision (because, as noted above, they do not impose any new restrictions on discharges of pollutants).  Pls. Reply in Support of Mot. to Amend Compl. at 6-7, ECF Doc. 71.

- The Court found that, in enacting 33 U.S.C. § 1369(b)(1), Congress "carefully enumerated the seven categories of EPA action for which it wanted immediate circuit-court review and relegated the rest to the jurisdiction of the federal district courts."  Slip Op. at 19.  This is consistent with the D.C. Circuit's holding in *Friends of the Earth v. EPA*, 333 F.3d 184 (D.C. Cir. 2003), relied on by Plaintiffs in this case, that "[g]iven the specificity of the [Clean Water Act's] judicial review provision, . . . the courts of appeals have original jurisdiction to review only those EPA actions specifically enumerated in 33 U.S.C. § 1369(b)(1)."  333 F.3d at 193.

Plaintiffs respectfully request that the Court consider the decision in *National Association of Manufacturers* as supplemental authority in support of Plaintiffs' arguments in the pending motions that this Court is the appropriate forum to hear this case and that Plaintiffs' motion for leave to amend and supplement their complaint should be granted.

Respectfully submitted this 24th day of January 2018,

*/s/ Thomas J. Cmar*
Thomas J. Cmar (Illinois Bar No. 6298307) (*pro hac vice*)
Earthjustice
1101 Lake Street, Suite 405B
Oak Park, IL 60301
T: (312) 257-9338
E: tcmar@earthjustice.org

*/s/ Matthew Gerhart*
Matthew Gerhart (Washington Bar No. 42787) (*pro hac vice*)
3639 N Clayton Street
Denver, CO 80205
T: (510) 847-7721
E: megerhart@gmail.com

*/s/ Jennifer C. Chavez*
Jennifer C. Chavez (D.C. Bar No. 493421)
Earthjustice
1625 Massachusetts Avenue NW, Suite 702
Washington, D.C. 20036
T: (202) 667-4500
E: jchavez@earthjustice.org


*Counsel for Plaintiffs Clean Water Action, Sierra Club,
and Waterkeeper Alliance, Inc.*

*/s/ Casey Austin Roberts*
Casey Austin Roberts (California Bar. No. 253474) (*pro hac vice*)
Sierra Club
Environmental Law Program
1536 Wynkoop Street, Suite 200
Denver, CO 80202
T: (303) 454-3355
E: casey.roberts@sierraclub.org

*/s/ Joshua Smith*
Joshua Smith (Florida Bar No. 0096844) (*pro hac vice*)
Sierra Club
Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
T: (415) 977-5560
E: joshua.smith@sierraclub.org

*Counsel for Plaintiff Sierra Club*

*/s/ Abel Russ*
Abel Russ (D.C. Bar No. 1007020)
Environmental Integrity Project
1000 Vermont Avenue NW, Suite 1100
Washington, DC 20005
T: (802) 482-5379
E: aruss@environmentalintegrity.org

*/s/ Lisa Widawsky Hallowell*
Lisa Widawsky Hallowell (Pennsylvania Bar No. 207983) (*pro hac vice*)
Environmental Integrity Project
509 Vine Street, Apt. 2A
Philadelphia, PA 19106
T: (202) 294-3282
E: lhallowell@environmentalintegrity.org

*Counsel for Plaintiffs Environmental Integrity Project, PennEnvironment, Inc., Chesapeake Climate Action Network, Physicians for Social Responsibility, Chesapeake, Inc., and Prairie Rivers Network*